UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:25-cv-07516-MWC-AS | Date: November 3, 2025 |
| Title: Jarrod Joel Roberts v. General Motors, LLC *et al.* | |

Present: The Honorable Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings: (IN CHAMBERS) Order GRANTING IN PART and DENYING IN PART Plaintiff's Motion to Remand (Dkt. 15) [JS-6]**

Before the Court is Plaintiff Jarrod Joel Roberts' ("Plaintiff") motion to remand ("Motion"). Dkt. # 15 ("*Mot.*"). Defendant General Motors, LLC ("Defendant") opposed ("Opposition"), Dkt. # 19 ("*Opp.*"), and Plaintiff replied ("Reply"), Dkt. # 20 ("*Reply*"). The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers, the Court **GRANTS** Plaintiff's motion to remand but **DENIES** Plaintiff's request for the fees incurred to bring the Motion.

I. Background

This lemon law action arises out of Plaintiff's lease of a 2024 Cadillac XT4. *See generally* Dkt. # 1-1 ("*Compl.*"). Plaintiff asserts causes of action under the Song-Beverly Consumer Warranty Act for breach of an express warranty, breach of the implied warranty of merchantability, violations of Cal. Civ. Code § 1793.2(b), and violations of the Magnuson-Moss Warranty Act. *See* Dkt. # 1, 2 ("*NOR*"). Plaintiff filed this action in Los Angeles County Superior Court on March 18, 2025, and Defendant removed to this Court on August 13, 2025. *See id.* Defendant contended that removal was appropriate pursuant to 28 U.S.C. § 1332 following Defendant's investigation into the amount-in-controversy and the citizenship of the parties. *See generally id.* Defendant states that "the estimated purchase price for the subject 2024 Cadillac XT4 to be $36,680," which yielded "a plausible estimate of actual damages of $34,034.41." *See id.* 5. Plaintiff filed the Motion on September 5, 2025, arguing that the Complaint includes sufficient information to trigger the 30-day removal obligation under 28 U.S.C. § 1446(b)(1) and that Defendant did not timely remove. *See generally Mot.* Plaintiff also contends that Defendant waived its right to remove pursuant to § 1446(b)(3) because it did not file for removal within 30 days after receiving the subject vehicle's lease agreement on July 7, 2025, which identified a total lease cost of $31,432.81.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.   2:25-cv-07516-MWC-AS | Date: November 3, 2025 |
| Title:   Jarrod Joel Roberts v. General Motors, LLC *et al.* | |

*See generally id.*  The lease agreement lists that Plaintiff had to pay $6,500.01 at signing, along with $638.10 per month.  *See* Dkt. # 15-1, Ex. 2 ("*Lease Agreement*").  The lease agreement is dated March 30, 2024.  *See id.*

II.   Legal Standard

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute."  *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks omitted).  Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal district court only if the federal court has subject matter jurisdiction over the case.  *See City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) ("The propriety of removal thus depends on whether the case originally could have been filed in federal court.").  Courts strictly construe the removal statute against removal jurisdiction.  *See Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008).  "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability."  *Luther*, 533 F.3d at 1034; *see also Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) ("[A]ny doubt about the right of removal requires resolution in favor of remand.").  "While the district court may remand at any time prior to final judgment for lack of subject matter jurisdiction, it cannot remand sua sponte based on a non jurisdictional defect because procedural deficiencies are waivable."  *Smith v. Mylan Inc.*, 761 F.3d 1042, 1043 (9th Cir. 2014).  "A federal court must order remand if it lacks subject matter jurisdiction over the action."  *Radcliff v. San Diego Gas & Elec. Co.*, 519 F. Supp. 3d 743, 746 (S.D. Cal. 2021) (citing *Kelton Arms Condominium Owners Ass'n v. Homestead Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991)).

A defendant must file a notice of removal within 30 days of either (1) being served with a complaint that establishes federal jurisdiction on its face or (2) "if the case stated by the initial pleading is not removable," receipt of "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(1), (3).  For the latter, the removal clock is triggered only when the ground for removal is "unequivocally clear and certain."  *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1095 (9th Cir. 2021).  "[D]efendants need not make extrapolations or engage in guesswork [to determine the amount-in-controversy]; yet the statute 'requires a defendant to apply a reasonable amount of intelligence in ascertaining removability.'"  *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013) (quoting *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 206 (2d Cir. 2001)).  When removal is based on diversity jurisdiction, the removing defendant must show by a preponderance of the evidence that there is complete diversity and that the amount-in-controversy exceeds $75,000.  *See Lopez v. So. Cal. Edison Co.*, No. 2:17-CV-06413-SVW-MRW, 2017 WL 4712189, at *1 (C.D. Cal. Oct. 18, 2017) (citing *Cohn v. Petsmart, Inc.*, 281 F.3d

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  2:25-cv-07516-MWC-AS | Date: November 3, 2025 |
| Title:  Jarrod Joel Roberts v. General Motors, LLC *et al.* | |

837, 839 (9th Cir. 2002)). Claims under the federal Magnuson-Moss Warranty Act require an amount-in-controversy of only $50,000. *See* 15 U.S.C. § 2310(d) (creating private cause of action for consumers but permitting claims to be filed in federal courts only if the amount-in-controversy is at least "$50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit"). Defendant bears the burden of proving that removal was proper, and the "strong presumption" against removal jurisdiction requires remand "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992); *see, e.g.*, *Baumann v. BMW of N. Am., LLC*, No. 17-CV-01707-BRO, 2017 WL 1538155, at *5 (C.D. Cal. Apr. 26, 2017) (applying *Gaus* presumption and finding removal of lemon-law case untimely).

III.   Discussion

Because the Notice of Removal is insufficient to establish the Court's subject matter jurisdiction, remand is appropriate.

The Complaint identified that Plaintiff sought various forms of relief, including actual damages, restitution, a civil penalty up to two times Plaintiff's actual damages pursuant to Cal. Civ. Code § 1794(c), any consequential and incidental damages, remedies authorized by Cal. Com. Code §§ 2711, 2712, and / or 2713, and costs and expenses of the suit (including Plaintiff's attorneys' fees). *See Compl.* 6. "State law generally guides courts in determining whether punitive damages are available as a remedy for breach of warranty under the [Magnuson-Moss Warranty] Act." *Kelly v. Fleetwood Enters., Inc.*, 377 F.3d 1034, 1039 (9th Cir. 2004); *see also Schimmer v. Jaguar Cars, Inc.*, 384 F.3d 402, 404 (7th Cir. 2004) ("The Act also, however, allows consumers to enforce written and implied warranties in federal court, borrowing state law causes of action."); *Boelens v. Redman Homes, Inc.*, 748 F.2d 1058, 1069 (5th Cir. 1984) (same). Accordingly, if Plaintiff can recover civil penalties under California law, those remedies inform the amount-in-controversy under the Magnuson-Moss Warranty Act. *See Romo v. FFG Ins. Co.*, 397 F. Supp. 2d 1237, 1239–40 (C.D. Cal. 2005). Cal. Civ. Code § 1794(c) allows Plaintiff to recover up to twice their actual damages. Thus, if there is any basis for the Court's subject matter jurisdiction, it would be under the Magnuson-Moss Warranty Act, since this federal law has the lowest amount-in-controversy threshold, allows state remedies to count toward the relevant amount-in-controversy, and does not require a defendant to ascertain the plaintiff's domicile.

Here, the Notice of Removal is insufficient to show that the Court has subject matter jurisdiction over this action. "[D]istrict courts in this circuit consider the amount a plaintiff has actually paid on her lease, rather than the total value of the lease, to determine whether the amount in controversy has been met." *Cuevas v. Ford Motor Co.*, No. CV 22-1520-DMG (MAAx), 2022 WL 1487178, at *2 (C.D. Cal. May 11, 2022) (citing *Brady v. Mercedes-Benz USA, Inc.*, 243 F.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-07516-MWC-AS                                    Date: November 3, 2025

Title:        Jarrod Joel Roberts v. General Motors, LLC *et al.*

Supp. 2d 1004, 1008 (N.D. Cal. 2002)).  Factoring in all possible damages to Plaintiff, the Court finds that Defendant has failed to show that the case meets the requisite $50,000 amount-in-controversy.  Defendant does not provide the documentation on which it based its determination of the amount-in-controversy.  *See generally NOR*.  In fact, Defendant refers to the "purchase price" of the vehicle, even though the case centers on the lease of a vehicle rather than a purchase.  *See NOR* 5.  To most accurately assess whether the Court has subject matter jurisdiction, the Court considers the lease agreement Plaintiff submitted alongside his motion to remand, which Defendant did not contest in the Opposition.  *See generally Lease Agreement*; *Opp*.

      Here, the most that Plaintiff would have already paid when filing suit was $14,157.21, since $6,500.01 was due at signing and the monthly payment was $638.10.  *See Lease Agreement*.  Plaintiff also sought penalties under Cal. Civ. Code § 1794(c), which allows for recovery of a civil penalty up to twice Plaintiff's actual damages.  *See Compl.* 6.  The Notice of Removal estimates Plaintiff's attorneys' fees to be $5,000, *see NOR* 6, and identifies no other sources of damages (aside from the erroneous $34,034.41 estimate as to actual damages, which was based on the "purchase price" of a vehicle that Plaintiff did not purchase), *see generally id*.  If Plaintiff received twice his actual damages of $14,157.21, the total damages before factoring in attorneys' fees would be $42,471.63.  After including Defendant's estimate of Plaintiff's attorneys' fees, the total would reach $47,471.63, which does not account for the statutory offsets that Defendant references several times in the Notice of Removal.  *See, e.g.*, *NOR* 9.  Accordingly, Defendant has not shown that the amount-in-controversy reaches the requisite $50,000 under the Magnuson-Moss Warranty Act.

      To the extent there is any doubt that would have led the Court to decide in favor of remand, Defendant is incorrect when it argues that the *Gaus* presumption is inapt.  *See Opp.* 8–9.  Defendant avers that the *Gaus* presumption does not apply in this case by asserting that the presumption applies only to jurisdictional challenges to removal, not procedural ones.  *See id.* 8.  Here, the Court is remanding because it lacks subject matter jurisdiction, not because Defendant's Notice of Removal was procedurally deficient.  Still, Defendant cites *Smith v. Mylan* for the proposition that "plaintiffs bear [the] burden to move to remand," *id.*, but *Smith* says nothing of the kind.  761 F.3d 1042 (9th Cir. 2014).  Rather, in *Smith* the plaintiff did not object to removal, and the district court remanded the case *sua sponte* based on a non-jurisdictional defect.  *Id.* at 1045.  Instead, the Ninth Circuit reasoned that "[b]ecause procedural defects are waivable, a district court lacks authority to remand based on the defendant's violation of" a § 1446 time limit.  *Id.*  Indeed, the word "burden" makes no appearance in the opinion.  *See generally id.*  Most importantly, the Court in this case is not concerned with a procedural defect, but a jurisdictional one, making *Smith* inapposite.  The rest of Defendant's arguments as to the presumption against removal suffer from the same flaw—they are all concerned with procedural defects, not jurisdictional ones.  As such, Defendant's theory as to the *Gaus* presumption is irrelevant to deciding Plaintiff's motion.  Still, despite

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  2:25-cv-07516-MWC-AS                                              Date: November 3, 2025

Title:  Jarrod Joel Roberts v. General Motors, LLC *et al.*

Defendant's efforts to recast the case law, the Court must resolve any doubt as to removal in favor of remand. *See Gaus*, 980 F.2d at 566–67. Accordingly, the Court finds that remand is appropriate.

IV.  Plaintiff's Request for Fees

Plaintiff requests that the Court award attorneys' fees associated with bringing the Motion. *See Mot.* 10–11; 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."). The district court has discretion over whether to award attorneys' fees to a plaintiff who makes a successful motion to remand, and there is no presumption in favor of awarding fees when a motion to remand is granted. *See Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 136–37 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* at 141. "[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008).

Here, the Court cannot say that Defendant's removal was objectively unreasonable, as Defendant's basis for removal relied on a rational legal theory, even if Defendant was incorrect regarding the Court's subject matter jurisdiction over the case. Additionally, there is no evidence of unusual circumstances otherwise warranting an award of fees. *See Carranza v. Wells Fargo Bank, N.A.*, No. 5:16-cv-06464-EJD, 2017 WL 2021362, at *5 (N.D. Cal. May 12, 2017). Accordingly, the Court **DENIES** Plaintiff's request for attorneys' fees.

V.  Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion to remand but **DENIES** Plaintiff's request for attorneys' fees. The November 7, 2025, hearing is **VACATED**. This Order closes the case. [JS-6]

**IT IS SO ORDERED.**

:
Initials of Preparer  TJ